Tilghman C. J.
It appears by the record in this case, that an amicable action in ejectment was entered in the Court of Common Pleas of Dauphin county: the defendants pleaded not guilty: the cause was tried, and a verdict and judgment entered for the plaintiff; but there is no declaration or description of the land recovered. How can such a judgment be supported? The counsel for the plaintiff endeavours to support it, by producing certain proceedings in the Orphan’s Court of Dauphin county. By these proceedings, it appears, that Samuel Elder, who claimed under a deed from John Maclay, deceased, petitioned the Orphan’s Court for a partition of the estate of William Maclay, deceased, brother of the said John Maclay. A dispute having arisen between Samuel Elder, and the brothers and sisters of William Ma-clay, touching the validity of the deed from John Maclay to the said Elder; the Orphan’s Court, directed “ an issue in ejectment, in which Samuel Elder was to be plaintiff, and William Wallace and others, defendants, in which the question to be decided, should be, whether the plaintiff was entitled to recover, under the deed from John Maclay, to the plaintiff.” The Orphan’s Court having made this order, this action was entered in pursuance of it, But the order of the Orphan’s Court has not been complied with; for when an amicable ejectment was ordered, it was understood, that the necessary form should be used. A declaration was to be filed, and issue joined, as in other ejectment causes. These issues by order of the Orphan’s Courts, are no new things ; they are often directed in cases of disputed wills; but the uniform practice is, to institute an action, aDd conduct it in strict form. And hence it is, that this Court derives its jurisdiction. A bill of exceptions may be taken on the trial. Judgment is entered on the verdict; and a writ of error lies, to remove the record before us. In issues directed by the court of chancery,jhe case is different: after trial of the issue, the verdict is certified to the chancellor, by the court of common lav/ before whom it was tried ; but no judgment is entered, and of course no writ of error lies. Now in the case before us, it does not appear what land the plaintiff sued for; so that the entry of a plea, and joining of issue on *147 the record, is altogether nugatory. To reverse a judgment after trial of the merits, is always unpleasant. But it cannot be avoided. This judgment must be reversed; but in order that the direction of the Orphans’ Court may be complied with, the record is to be remitted to the Court of Cornmon Pleas of Dauphin county.
Gibson J. concurred.
Duncan J. gave no opinion, having been counsel in the cause.
Judgment reversed, and record remitted.